UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Joesph A. Worley, | ) |
| | ) |
| Plaintiff, | ) |
| | )  1:10-cv-01259-SEB-TAB |
| vs. | ) |
| | ) |
| R. Scott Waddell in his official capacity as | ) |
| Commissioner of the Indiana Bureau of | ) |
| Motor Vehicles, | ) |
| | ) |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Joesph Worley has brought this case against the Defendant Commissioner of the Indiana Bureau of Motor Vehicles pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief as a result of the Commissioner's refusal to issue a photo identification to Plaintiff in the name under which he currently lives and conducts his business affairs. Before the Court is Defendant's Motion to Dismiss Amended Complaint.[1] [Docket No. 23]. For the reasons explained below, Defendant's motion is DENIED.

---

[1] In October 2010, Plaintiff requested a preliminary injunction ordering Defendant "to issue Plaintiff a photographic identification card so that he [could] cast a countable vote in the November 2, 2010 election," and declaring Indiana's "Voter ID Law" unconstitutional. A hearing was held on October 22, 2010 and the parties presented oral argument related to these issues. However, the Court ultimately denied Plaintiff's request in a ruling from the bench. Docket No. 19.

**Factual Background**

Plaintiff avers that he was born to an unwed mother in Hartford City, Indiana, in July 1968. Compl. ¶ 7. His birth certificate issued at the time identified him as "Joseph Alan Ivey." Id. In 1969, Plaintiff's mother married his biological father and thereafter a social security card was issued to Plaintiff under the name "Joesph A. Worley," which is the name he has used ever since. Id. ¶ 8.

Plaintiff, it seems, finds himself caught in a governmental "Catch-22." He alleges that he has repeatedly applied to the Indiana Bureau of Motor Vehicles ("BMV") for a photo ID or driver's license that would enable him to vote, to obtain a marriage license, legally change his name, and/or proceed with the adoption of his child. Id. ¶ 10. The BMV has denied his successive applications, however, because the name associated with his social security number does not match the name on his birth certificate. Id. ¶ 10. The Social Security Administration has also refused to issue Plaintiff a new card due to his lack of a state-issued photo ID. Id. ¶ 11.

Plaintiff has also been unable to undergo a legal name change. First, as a result of a 2007 DUI conviction,[2] Plaintiff is not entitled to obtain an automatic name change. Id. ¶¶ 9, 12. Second, Indiana law requires a valid Indiana driver's license number or Indiana identification number for name change applicants, neither of which Plaintiff has been able

---

[2] According to Plaintiff's Second Amended Complaint, he was issued a driver's license prior to his conviction. Compl. ¶ 10. The parties have not explained why or how the BMV's policies have changed such that the BMV will no longer issue Plaintiff a license but such details are unimportant for present purposes.

to secure, due to the aforementioned impediments. Third, Indiana law requires that Plaintiff publish notice of the name change petition in three weekly publications of general circulation, the cost for which Plaintiff cannot satisfy because he is jobless and indigent. Id.

Plaintiff alleges in his complaint that the Defendant's refusal to issue him a photo ID under either his birth or legal name violates a fundamental liberty interest, lacks any rational basis, and (because Plaintiff has never been granted a hearing on his request) violates his procedural due process rights. Id. ¶¶ 16-17. As a result of these violations, Plaintiff seeks a mandatory injunction ordering the BMV to issue him a photo ID card.

**Legal Analysis**

**I.  Standard of Review**

Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). Id. "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is

entitled under Rule 8."[3] Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations omitted)).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## II. Discussion

Defendant argues that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted based on several grounds, the most important of which

---

[3]Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

is that the issuance of a photo ID has never been found to be a fundamental right.[4]

   A.   **Substantive Due Process Claim**

Plaintiff maintains that his complaint adequately alleges a substantive due process claim. The legal requirements underlying this doctrine make it a highly limited theory of relief applicable only to governmental decisions affecting fundamental rights. Wozniak v. Conry, 236 F.3d 888, 891 (7th Cir. 2001). As explained by the Supreme Court,

> The [Due Process] Clause also provides heightened protection against government interference with certain fundamental rights and liberty interests. In a long line of cases, we have held that, in addition to the specific freedoms protected by the Bill of Rights, the "liberty" specially protected by the Due Process Clause includes the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion. We have also assumed, and strongly suggested, that the Due Process Clause protects

---

[4] Defendant's motion originally targeted a prior and now out of date version of the complaint which Magistrate Judge Baker allowed Plaintiff leave to amend. That Order, however, had no effect on the substantive arguments advanced by Defendant in its then-pending motion to dismiss. Because Defendant was given 15 days in which to supplement its briefing in support of its motion to dismiss and failed to do so, we shall consider Defendant's arguments challenging both the substantive and procedural due process claims as laid out in Plaintiff's Second Amended Complaint [Docket No. 32].

This somewhat unusual procedural history is further complicated by the fact that Plaintiff failed to respond to Defendant's motion to dismiss in a procedurally appropriate manner, by including arguments responsive to Defendant's motion to dismiss in his own motion for leave to amend the complaint. [Docket No. 27]. When Defendant pointed out Plaintiff's lack of response in its opposition to the motion to amend [Docket No. 28], Plaintiff attempted to overcome his prior omission by gathering everything into a single brief which he titled a "Reply in Support of Motion for Leave to File Second Amended Complaint and Brief in Opposition to Defendant's Motion to Dismiss." [Docket No. 29]. To make matters worse, this "response" was filed almost four weeks after its due date. Although Plaintiff has given us grounds to rule against him on procedural grounds, the Court's preference is, if possible, to adjudicate matters on their merits as opposed to ruling on technical grounds when no prejudice would result to either party. Because Defendant was given 15 days within which to supplement its briefing and is not prejudiced by Plaintiff's "sloppy" approach, we shall consider the arguments raised in Plaintiff's "responses."

> the traditional right to refuse unwanted lifesaving medical treatment. But we 'have always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.' By extending constitutional protection to an asserted right or liberty interest, we, to a great extent, place the matter outside the arena of public debate and legislative action. We must therefore 'exercise the utmost care whenever we are asked to break new ground in this field,' lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences of the members of this Court.

Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997)(citations omitted). Once a fundamental right is implicated as such, the court must next determine whether the government has directly and substantially interfered with the exercise of that right. Zablocki v. Redhail, 434 U.S. 374, 386-87 (1978). Finally, where the government "significantly interferes with the exercise of a fundamental right, it cannot be upheld unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests." Id. at 388.

Defendant argues that no court has ever determined that there is a fundamental right to be issued a photo ID card and, in fact, cites two cases in which a district court in Colorado and the Court of Appeals for the Ninth Circuit expressly acknowledge the absence of such a right. Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999); Brown v. Cooke, 2009 U.S. Dist. LEXIS 18685, at *19, 06-cv-01092-MSK-CBS (D. Colo. March 9, 2009)(finding that plaintiff had "failed to demonstrate that the Division of Motor Vehicles' refusal to acknowledge his common-law name change deprived him of a liberty interest sufficient to support a Due Process claim.").

We conclude that Defendant has construed Plaintiff's allegations too narrowly. Defendant's refusal to issue identification to Plaintiff suffices as predicate state action which Plaintiff complains impairs his rights to vote, marry, and/or adopt his children. Plaintiff does not claim a fundamental right to identification, therefore, but rather a fundamental right to these other privileges and opportunities of which he is being deprived based on his lack of BMV-issued identification. The loss of the rights to vote, marry, and adopt children are, indeed, "deeply rooted in this nation's history and tradition." Washington, 521 U.S. at 720-21; see also Loving v. Virginia, 388 U.S. 1 (1967). Because Plaintiff has alleged a deprivation of these fundamental rights due to the BMV's refusal to issue him photo identification, he has adequately alleged a substantive due process claim.

Defendant's construction of Plaintiff's allegations, though erroneous, is nonetheless understandable. Indeed, the Second Amended Complaint expressly identifies the BMV's refusal to issue the necessary identification to Plaintiff, in contrast to his right to vote or marry, as the "fundamental liberty interest protected by the Due Process Clause." Compl. ¶ 13. Despite this misleading allegation in his Complaint, Plaintiff has in our view sufficiently pled a claim based on Defendant's conduct which impairs his ability to vote, marry, or proceed with the adoption of his child. See Id. ¶ 10. Under our liberal pleading standards, this is enough to state a cognizable claim. See Hall v. Nalco, 534 F.3d 644, 649 n.3 (7th Cir. 2008) (noting that even an incorrect legal theory is not fatal to a plaintiff's claim).

The remainder of Defendant's arguments are more properly reserved for a ruling at

the summary judgment stage of this litigation. Defendant contends, for example, that because Indiana law allows Plaintiff to vote via provisional ballot, Plaintiff cannot establish a deprivation of his right to vote since his right is no different than that possessed by other voters. However, Plaintiff's Second Amended Complaint includes no reference to Indiana's provisional voting procedures. Thus, whether provisional voting is available to Plaintiff requires completion of discovery. Defendant's argument that its decision to withhold identification for the reasons at issue here is consistent with other powers and interests that supersede Plaintiff's rights, based on the Indiana Supreme Court's decision in Leone v. Comm'r, Indiana Bureau of Motor Vehicles, fails for the same reason.[5] Docket No. 28 at 4. Defendant's final argument in support of its motion to dismiss is that an order directing the BMV to issue Plaintiff identification is a remedy too attenuated from the due process harm alleged, because an ID alone cannot guarantee Plaintiff an entitlement to vote in future elections. The Second Amended Complaint in any event no longer requests relief in the form of an order allowing Plaintiff to vote. Instead, Plaintiff expressly seeks "a permanent injunction ordering [the BMV] to issue Plaintiff a photographic identification card." Thus, the issue of the BMV's power and ability to provide Plaintiff with meaningful relief must await fuller development by the parties before a definitive ruling and remedy can issue.

---

[5] In Leone, the Indiana Supreme Court found BMV regulations requiring the name on a driver's license to match the name on the applicant's social security card as fulfilling a legitimate state interest in maintaining the "integrity of its records and in protecting its citizens against fraud and identity theft." 933 N.E.2d 1244, 1257 (Ind. 2010).

**B. Procedural Due Process Claim**

Defendant also maintains in seeking dismissal of the Complaint that Plaintiff has failed to state a procedural due process claim. To state such a claim, a plaintiff must allege deprivation of a protected interest and without sufficient "protections surrounding that deprivation." <u>Michalowicz v. Village of Bedford Park</u>, 528 F.3d 530, 534 (7th Cir. 2008). As explained above, Plaintiff has adequately stated a claim for deprivation of a protected interest. Thus, we examine only whether Plaintiff has sufficiently alleged the absence of procedural protections surrounding that deprivation.

The entirety of Plaintiff's allegations directly related to this claim is found in Paragraph 17 of the Second Amended Complaint, which provides as follows:

> Defendant Waddell's refusal to issue Plaintiff a photo ID under either his birth name or his legal name, Joeseph A. Worley (sic), without first providing him with a hearing, also violates his rights to procedural due process.

Defendant argues that Plaintiff has not sufficiently pled a violation of procedural due process based on his failure to plead or otherwise prove that he is unable to file an action in state court to secure the Constitutional relief he seeks here. Docket No. 28 at 5-6. In so doing, Defendant apparently incorporates the state law procedures referenced by Plaintiff in Paragraph 12 of his Second Amended Complaint, which reads:

> A previous attempt by Plaintiff to change the name on his birth certificate to conform to the name on his birth certificate was unsuccessful. Because he has been convicted of a felony in the past ten (10) years, Plaintiff is not entitled to an automatic change of name, and he is also required to give notice in three (3) weekly publications in a newspaper of general circulation

9

in the county in which the name change petition is filed and comply with the other notice requirements set forth in Ind. Code § 34-28-2-3, at an expense well in excess of $100, money he does not have due to the fact that he is jobless and indigent. Moreover, under Indiana law, Ind. Code§ 34-28-2-2.5(a) (3), a person petitioning for a name change must include in his petition for a change of name a valid Indiana driver's license number or Indiana identification number, neither of which Plaintiff possesses.

"Where state law remedies exist, a plaintiff must either avail [himself] of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996) (citing Daniels v. Williams, 474 U.S. 327, 339-40 (1986)). Plaintiff has clearly alleged the inadequacy of the state remedies available to him. Thus, we find that he has met the minimal pleading standards required of him.[6]

## Conclusion

For the reasons detailed herein, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is DENIED.

IT IS SO ORDERED.

Date: 05/03/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[6]We note that in considering Defendant's motion, the Court did not consider the affidavit proffered by Plaintiff as an exhibit to his "Reply in Support of Motion for Leave to File Second Amended Complaint and Brief in Opposition to Defendant's Motion to Dismiss." Matters outside the pleadings are not properly considered pursuant to a Rule 12(b)(6) motion unless the Court decides to treat the motion as one for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(d). We have not indulged such treatment in this case.

Copies to:

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov